**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In Re:<br>    Diana M Onifer<br>    Michael S Onifer<br>       Debtors<br>---------------------------------------------<br>Wilmington Savings Fund Society, FSB, doing business as Christiana Trust, not in its Individual Capacity but Solely as Trustee for BCAT 2014-4TT c/o Shellpoint Mortgage Servicing<br>      Movant<br><br>vs.<br><br>Diana M Onifer<br>Michael S Onifer<br>      Debtors<br><br>Ronda J. Winnecour , Chapter 13 Trustee<br><br>     Respondents. | Chapter 13<br><br>Case No. 16-22349-CMB<br><br>Related to Document No.  78 |

**BRIEF IN SUPPORT OF MOTION TO TO RECONSIDER AND VACATE**
**FEBRUARY 28, 2018 ORDER OR, IN THE ALTERNATIVE,**
**TO ALTER OR AMEND FEBRUARY 28, 2018 ORDER**

Movant, Wilmington Savings Fund Society, FSB, doing business as Christiana Trust, not in its Individual Capacity but Solely as Trustee for BCAT 2014-4TT c/o Shellpoint Mortgage Servicing, through its Counsel, Stern & Eisenberg PC,  hereby submits this Brief in Support of its Motion to to Reconsider and Vacate Order, or, in the alternative, Alter or Amend Order, filed contemporaneously herewith.

**I. INTRODUCTION**

Movant is Wilmington Savings Fund Society, FSB, doing business as Christiana Trust, not in its Individual Capacity but Solely as Trustee for BCAT 2014-4TT ("Movant"), a secured creditor of Diana M Onifer and Michael S Onifer, Debtors in this bankruptcy matter ("Debtors").

Shellpoint Mortgage Servicing is the mortgage loan servicer in regard to Movant's secured claim, which is secured by a mortgage encumbering Debtors' real property located at 112 W. 4th Ave., Latrobe, PA 15650-1006 (the "Property").

On February 28, 2018, this Court entered an Order requiring the President/CEO of Wilmington Savings Fund Society, FSB ("WSFS") to appear at a hearing to testify concerning the removal of certain charges on Debtors' loan history. See Doc. No. 78. The February 28, 2018 Order further states that the Court will take evidence regarding the possibility that the "pre-petition obligation of Wilmington's proof of claim shall be fixed at zero." See Doc. No. 78.

Movant seeks to be afforded the opportunity to designate a corporate designee to serve as a witness at the February 28, 2018 hearing. Furthermore, Movant seeks vacation/reconsideration or alteration/amendment of the February 28, 2018 Order based on the clear error of law provision of Fed. R. Civ. P. 59(e), as the Court lacks jurisdiction to revisit the prepetition claim post-confirmation. In addition, the underlying matter at issue, a Notice of Postpetition Fees, Expenses and Charges, and the Chapter 13 Trustee's Objection thereto, has no relation to prepetition amounts.

Furthermore; the Chapter 13 Trustee's arguments at the February 28, 2018 hearing were outside the scope of the Chapter 13 Trustee's Motion to Compel. Accordingly, Movant did not have notice of, or opportunity to refute, the allegations made by the Chapter 13 Trustee ("Trustee") at the February 28, 2018 hearing. As detailed below, this lack of notice constitutes a basis for relief under Fed. R. Civ. P. 60(b), based on the "surprise" nature of the Trustee's argument. Movant, in conjunction with the Motion, offers new evidence in the form of an affidavit certifying that the items that were newly identified by the Chapter 13 Trustee at the

February 28, 2018 hearing are not and have not been assessed against the debtor or against the

bankruptcy estate.

## II. FACTUAL AND PROCEDURAL HISTORY

The Court issued the February 28, 2018 Order following a hearing regarding the Trustee's

Motion to Compel and for Sanctions. By way of background, on September 14, 2017, the

Trustee filed an Objection to Notice of Postpetition Fees, Expenses, and Charges (the

"Objection"). The Trustee, by way of the Objection, requested the disallowance of various fees

listed on three (3) Notices of Postpetition Fees, Expenses, and Charges filed by "Wilmington

Savings Fund Society, FSB (Shellpoint)," which Notices were dated September 13, 2016 (the

"September 13, 2016 Notice"), September 21, 2016 (the "September 21, 2016 Notice"), and

November 17, 2016 (the "November 17, 2016 Notice"), respectively. See Doc. No. 61. The

Trustee's Objection was out of time in regard to the September 13, 2016 Notice.[1] The Trustee

further alleged in the Objection that the September 21, 2016 Notice sought a duplicate charge, in

that the September 21, 2016 Notice included a $500.00 charge that was listed on the withdrawn

September 13, 2016 Notice. See Doc. No. 61 at Paragraph 6.

Movant responded to the Objection on October 16, 2017. The response stated, *inter alia*,

that Movant withdrew the Notice filed September 13, 2016 six (6) days after the Notice was

filed. In regard to the allegation that the September 21, 2016 Notice sought a duplicate charge,

Movant responded that this allegation by the Trustee was both inaccurate and impossible, as the

September 13, 2016 Notice was withdrawn by Respondent on September 19, 2016, six (6) days

after the Notice was filed. Subsequent to the withdrawal of the September 13, 2016 Notice,

Respondent filed two (2) other Notices: the September 21, 2016 Notice, which solely setting

---

[1] In accordance with Fed. R. Bankr. P. 3002.1(e), an Objection to a Notice of Postpetition Fees, Expenses, and Charges must be filed within one (1) year after service of the Notice of Postpetition Fees, Expenses. See Doc. No. 67 at Paragraph 1.

forth for the $500.00 in attorney fees incurred post-petition on 8/12/16; and the November 17,

2016 Notice setting forth charges for $100.00 in postponement fees incurred 11/16/16. As the

September 13, 2016 Notice had been withdrawn, September 21, 2016 Notice could not and did

not duplicate any charges, as Respondent had clearly withdrawn the September 13, 2016 Notice

prior to filing the September 21, 2016 Notice. See Doc. No. 67 at Paragraph 6.

The Court granted the Trustee's Objection and issued an Order on October 25, 2017

disallowing the charges requested in the Notices of Postpetition Fees, Expenses and Charges.

The October 25, 2017 Order further required that Movant provide to the Court proof that the

records have been adjusted to remove the disallowed charges within 60 days of the date of the

Order, including a "notarized affidavit of a corporate officer reflecting that the charges have been

removed as well as a full and comprehensible loan history from the inception of the loan." See

Doc. No. 69. On December 22, 2017, Movant filed with the Court a Declaration executed by

Hugh Russell of Shellpoint Mortgage Servicing, along with a loan history to the extent the

history is available in Shellpoint Mortgage Servicing's records. See Doc. No. 71.

On January 10, 2018, the Trustee filed a Motion to Compel and for Sanctions ("Motion to

Compel"), against "Wilmington Savings Fund Society (Shellpoint)." See Doc. No. 72 at

Paragraph 1. In the Motion to Compel, the Trustee alleges that Movant was out of compliance

with the October 25, 2017 Order, in that "the creditor filed an affidavit of one Hugh Russell

without indicating his relationship (if any) to the corporation. It does not appear that he is a

corporate officer as required by this Court's order of October 25, 2017." See Doc. No. 72 at

Paragraph 3. The Trustee further alleges in the Motion to Compel that:

> in direct and deliberate contravention of this Court's order disallowing 'all of these
> charges' he attests that the amount of $3,732.05 have been moved to the pre-petition
> history. The Trustee notes that this charge already appears as part of the prepetition proof
> of claim so that the creditor was deliberately seeking to recover it twice.

See Doc. No. 72 at Paragraph 5. The Trustee further alleges that "the affidavit does not mention removing the postponement fee of $100.00," and that the "attached loan history is incomprehensible, impossible to view and is not provided from the inception of the loan which originated December 13, 2006." See Doc. No. 72 at Paragraphs 6 and 7.

In its response filed February 9, 2018 to the Motion to Compel, Movant further clarified that it withdrew the September 13, 2016 Notice on September 19, 2016 because Movant realized that the Notice included $3,732.05 in prepetition charges that were already included in Movant's filed Proof of Claim. Further, Movant responded that the September 13, 2016 Notice was filed in error, and it was withdrawn nearly an entire year prior to the Objection. See Doc. No. 74 at Paragraph 1. The removal of the $100.00 postponement fee was reflected in the loan history attached to December 22, 2017 filing, listed in the first and third lines of the loan history. See Doc. No. 71. Movant further clarified that Hugh Russell is an authorized signer on behalf of Shellpoint Mortgage Servicing, and provided documentation evidencing this authority, as well as documentation showing the relationship between Wilmington Savings Fund Society, FSB, doing business as Christiana Trust, not in its Individual Capacity but Solely as Trustee for BCAT 2014-4TT and New Penn Financial, LLC, d/b/a Shellpoint Mortgage Servicing. See Doc. No. 74 at Paragraph 3 and Exhibits "A" and "B."

Movant filed on February 16, 2018 an Amended Affidavit of Hugh Russell further describing his signing authority on behalf of Shellpoint Mortgage Servicing, as servicer for Wilmington Savings Fund Society, FSB, doing business as Christiana Trust, not in its Individual Capacity but Solely as Trustee for BCAT 2014-4TT, and providing documentation evidencing this signing authority, as well as documentation showing the relationship between Wilmington Savings Fund Society, FSB, doing business as Christiana Trust, not in its Individual Capacity but

Solely as Trustee for BCAT 2014-4TT and New Penn Financial, LLC, d/b/a Shellpoint Mortgage

Servicing, as well as a copy of the payment history to the extent the history is available in

Movant's records. The Amended Affidavit and the attached loan history evidenced the removal

of the attorney's fees incurred on August 12, 2016 in the amount of $500.00, and a foreclosure

fee incurred on June 7, 2016 in the amount of $470.00 as listed on the Notice of Postpetition

Mortgage Fees, Expenses, and Charges on September 13, 2016, as well as the removal of the

postponement fee incurred on November 14, 2016 in the amount of $100.00 as listed on the

Notice of Postpetition Mortgage Fees, Expenses, and Charges on November 17, 2016. See Doc.

No. 75. Furthermore, Movant filed on February 16, 2018 an Affidavit of Traci Luckhaupt, a

corporate officer of Shellpoint Mortgage Servicing, as servicer for Wilmington Savings Fund

Society, FSB, doing business as Christiana Trust, not in its Individual Capacity but Solely as

Trustee for BCAT 2014-4TT. The Affidavit and the attached loan history evidenced the removal

of the attorney's fees incurred on August 12, 2016 in the amount of $500.00, and a foreclosure

fee incurred on June 7, 2016 in the amount of $470.00 as listed on the Notice of Postpetition

Mortgage Fees, Expenses, and Charges on September 13, 2016, as well the removal of the

postponement fee incurred on November 14, 2016 in the amount of $100.00 as listed on the

Notice of Postpetition Mortgage Fees, Expenses, and Charges on November 17, 2016. See Doc.

No. 76.

The Court conducted a hearing in regard to the Motion to Compel on February 21, 2018,

resulting in the February 28, 2018 Order.

**III. LEGAL STANDARD**

Movant makes this Motion pursuant to Fed. R. Bankr. P. 9023 and Fed. R. Bankr. P. 9024.

Pursuant to Fed. R. Civ. P. 59, as incorporated into the Bankruptcy Rules via Fed. R. Bankr. P.

9023, a party may file a motion to alter or amend a judgment, no later than fourteen (14) days

after entry of judgment. Fed. R. Civ. P. 59(e), as made applicable to this bankruptcy proceeding

via Fed. R. Bankr. P. 9023, allows the Court to amend or alter a judgment if the moving party

moving party shows at least one (1) of the following grounds:

> (1) an intervening change in the controlling law;
>
> (2) the availability of new evidence that was not available when the court granted the motion; or
>
> (3) the need to correct a clear error of law or fact or to prevent manifest injustice.

*In re Sellers*, 555 B.R. 479, 481 (Bankr.E.D.Pa.2016) (<u>citing</u> *Blystone v. Horn*, 664 F.3d 397,

415 (3d Cir.2011).

Pursuant to Fed. R. Civ. P. 60, as incorporated into the Bankruptcy Rules via Fed. R.

Bankr. P. 9024, a party may file a motion to reconsider when it identifies a mistake arising from

oversight or omission for any reason that justifies relief. Fed. R. Civ. P. 60(b) provides for

reconsideration where one or more of the following is shown: (1) mistake, inadvertence, surprise

or excusable neglect; (2) newly discovered evidence which by due diligence could not have been

discovered before the court's decision; (3) fraud by the adverse party; (4) voiding of the

judgment; (5) satisfaction of the judgment; or (6) any other reason justifying relief.  Fed.R.Civ.P.

60(b); *School Dist No. 1J. Multnomah County v. ACandS Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

**IV. ARGUMENT**

<u>A. Movant Should Be Afforded The Opportunity To Select A Corporate Designee To Appear As
A Witness.</u>

On February 28, 2018, this Court entered an Order requiring the President/CEO of

Wilmington Savings Fund Society, FSB ("WSFS") to appear at a hearing to testify concerning

the removal of certain charges on Debtors' loan history:

the President/CEO must be prepared to provide proof at the hearing that Wilmington's records have been corrected to show that all disallowed charges listed in the notices of post-petition mortgage fees, expenses and charges filed on September 13, 2016, September 21, 2016 and November 17, 2016 have been completely removed. The President/CEO should also be prepared to prove every payment, application of payment, disbursement and charge from the inception of the loan. The President/CEO must also provide a complete loan history from the inception of the loan on December 13, 2016.

See Doc. No. 78. Given the nature of the role of the President/CEO of WSFS, he would not necessarily have first-hand knowledge of the information sought by the Court given the broader role served by him within the company. The scope of the President/CEO's duties do not include regular review of individual loan data and accounts, which is the information sought by the Court through his testimony. In other words, the testimony of the President/CEO will not necessarily assist the Court in its determination of the issue. The President/CEO oversees the entire operations of WSFS and is not necessarily involved in the administrative processes and procedures regarding its customers' loan charges, and removal of those charges.

Shellpoint Mortgage Servicing is the entity responsible for the accounting in regard to Debtors' mortgage loan. The Trustee, in the pleadings, acknowledges that Shellpoint Mortgage Servicing is the appropriate entity, as she refers to Movant herein as Wilmington Savings Fund Society, FSB (Shellpoint) in her pleadings. See Doc. No. 61 and Doc. No. 72 at Paragraph 1. Furthermore, the Court acknowledges as such in the April 26, 2017 Order Confirming Debtors' Chapter 13 Plan. The Confirmation Order states that the claim of "Shellpoint Mortgage Servicing/Wilmington Savings Fund Society FSB at Claim No. 2" shall govern as to amount, classification and rate of interest unless Debtors' successfully object to the claim. A representative from the mortgage loan servicer, Shellpoint Mortgage Servicing, is the acknowledged and appropriate entity to speak to and testify as to the accounting in regard to Debtors' mortgage loan.

To the extent that a witness is required, the witness should be an appropriate witness designated by Movant in conjunction with Fed. R. Civ. P. 30(b)(6). Undersigned counsel suggests that he be afforded the opportunity to provide a corporate designee of WSFS who has first-hand knowledge of the information sought, and who is intimately familiar with the processes and procedures involved in removing charges.

B. The Prepetition Elements Of The Proof Of Claim Are Outside Of The Jurisdiction Of This Court.

The February 28, 2018 Order states that the Court will take evidence regarding the possibility that the "pre-petition obligation of Wilmington's proof of claim shall be fixed at zero." See Doc. No. 78. This is clear error of law. Debtors' Chapter 13 Plan is confirmed; therefore the Court does not have jurisdiction to revisit the prepetition components. Furthermore, the underlying matter at issue, a Notice of Postpetition Fees, Expenses and Charges, and the Trustee's Objection thereto, has no relation to prepetition amounts.

Debtors' Chapter 13 Plan was confirmed on April 26, 2017, and the Confirmation Order states that the claim of "Shellpoint Mortgage Servicing/Wilmington Savings Fund Society FSB at Claim No. 2" shall govern as to amount, classification and rate of interest unless Debtors' successfully object to the claim. Debtors did not object to the claim; hence, Respondent's Proof of Claim governs. The April 26, 2017 Confirmation Order is binding. See *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 130 S.Ct. 1367, 176 L.Ed.2d 158 (2010); See also *In re Miller*, 325 B.R. 539, 542 (Bankr.W.D.Pa .2005) ("'Confirmation is the court's approval of a contract, in effect, between the debtor and the creditors.'" (quoting *In re Richardson* 283 B.R. 783, 801 (Bankr.D.Kan.2002)). Furthermore, the prepetition claim is not subject to discharge pursuant to 11 USC § 1328(a)(1).

The objected-to $3,732.05 in foreclosure fees and costs are pre-petition obligations and were incurred on June 7, 2016 and June 21, 2016, prior to the date of Debtors' bankruptcy petition (June 27, 2016). The charges have always been prepetition and were not "again applied," as asserted by the Trustee, without evidence. As stated above and as is clearly shown in the record, the September 13, 2016 Notice was promptly withdrawn and replaced with a corrected Notice. The amounts for the pre-bankruptcy foreclosure activity are only sought as part of the allowed Proof of Claim which governs in accordance with the April 26, 2017 Confirmation Order.

The only amounts subject to the Trustee's Objection to Notice of Postpetition Fees, Expenses and Charges and, therefore, the related Motion to Compel, were those postpetition amounts listed in the September 21, 2016 and November 17, 2016 Notices. All matters post-confirmation are governed by the terms of the Note and Mortgage, specifically Section 7 of the Mortgage – titled "Charges to Borrower and Protection of Lender's Rights in the Property." See Claim No. 2-1 at Pages 32-33.

C. The Charges Verbally Identified By The Trustee At The February 28, 2018 Hearing Are Not And Have Not Been Assessed Against The Debtor Or Against The Bankruptcy Estate.

At the February 28, 2018 hearing, the Court did not entertain argument regarding the issues raised in the Motion to Compel. Rather, the Trustee verbally identified a number of new postpetition charges that the Trustee asserts are being assessed against Debtors or the bankruptcy estate. Specifically, the Trustee alleged that the loan history "clearly reflects additional post-petition fees, costs, and charges that the creditor has not sought to provide the Court." See Transcript of 02/28/2018 hearing at Page 2, Lines 10-12. The Trustee went on to list "[p]roperty inspection fees 12/13, more property inspection, investor loan purchase fees need to be explained, BPO disbursements 11/3, and they go back. Property inspection fee 9/7/17." See

Transcript of 02/28/2018 hearing at Page 2, Lines 24-25, and at Page 3, Lines 1-2. The Trustee

further stated "[p]roperty inspection 8/25/17, which would now be too late for them to even file

post-petition fees for. This isn't a new matter. This is a matter raised by the evidence that he

keeps presenting, where his client clearly can't manage the flow." Transcript of 02/28/2018

hearing at Page 3, Lines 4-8.

Following Movant's objection that the Trustee was raising new issues that were not in the

Motion, the Court stated that "[t]here was a court order entered in October that these things were

supposed to be corrected. That's what she's complaining about." Transcript of 02/28/2018

hearing at Page 3, Lines 12-14. The October Order referenced above was issued on October 25,

2017, and sustained the Trustee's Objection to certain Notices of Postpetition Fees, Expenses

and Charges. The Order of October 25, 2017 disallowed the objected-to charges and further

required that Movant provide to the Court proof that the records have been adjusted to remove

the disallowed charges within 60 days of the date of the Order, including a "notarized affidavit of

a corporate officer reflecting that the charges have been removed as well as a full and

comprehensible loan history from the inception of the loan." See Doc. No. 69.

The Trustee's allegations, presumably based upon the Trustee's analysis of the loan

history submitted by Movant to the Court on December 22, 2017 and again on February 16,

2018, are incorrect, as the verbally identified charges are not and have not been assessed against

the debtor or against the bankruptcy estate. The loan history shows all loan activity, not just

those items assessed to borrower. Movant attached as Exhibit "A" to the Motion an Affidavit

certifying this. Following Movant's objection that Movant "corrected the delineated items on the

order," (see February 28, 2018 hearing transcript at Page 3, Lines 15-16), the Trustee once again

continued to raise additional new matter contained neither in the Motion or the underlying

Objection. <u>See</u> February 28, 2018 hearing transcript at Page 3, Lines 17-25, and Page 4, Lines 1-

4. Well prior to the February 28, 2018 hearing regarding the Motion to Compel, Movant

removed the disallowed charges from the loan history, in accordance with the October 27, 2017

Order. <u>See</u> Docs. No. 71, 75, and 76.

 Movant did not have notice of, or opportunity to refute, the allegations made by the

Trustee ("Trustee") at the February 28, 2018 hearing. Movant could not have provided evidence

prior to the hearing to refute the Trustee's arguments, as Movant had no notice. This lack of

notice constitutes a basis for relief under Fed. R. Civ. P. 60(b), based on the "surprise" nature of

the Trustee's argument.

**IV. CONCLUSION**

Movant requests that the Court revisit its February 28, 2018 Order, as the Order was based on the Trustee's arguments and representations regarding a factual dispute regarding the loan history. However, there is no such factual dispute, as certified by Movant's affidavit. The items that were newly identified by the Chapter 13 Trustee at the February 28, 2018 hearing are not and have not been assessed against the debtor or against the bankruptcy estate.

The Trustee's arguments were outside the scope of the Motion to Compel. Movant had no notice of the Trustee's arguments; despite this, the Court issued its Order based upon the Trustee's arguments. Furthermore, as the Chapter 13 Plan is confirmed, the Court does not have jurisdiction to analyze the contents of the prepetition claim. To the extent that a witness is required to appear and testify, Movant seeks to be afforded the opportunity to select a corporate designee to serve as a witness.

Respectfully submitted,

STERN & EISENBERG PC

/s/ William E. Miller
William Miller, Esquire
PA ID #308951
wmiller@sterneisenberg.com
Stern & Eisenberg, PC
1581 Main Street, Suite 200
Warrington, Pa  18976
Telephone: (215) 572-8111

Date: March 14, 2018                    Counsel for Movant